UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NATIONAL FISH & SEAFOOD, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KATHLEEN A. SCANLON, TAMPA BAY ) <br> FISHERIES, INC., ROBERT PATERSON, ) <br> MARK PANDOLFO, MARK MARSH, and ) <br> JOHN DOE, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:18-cv-11515-LTS |

ORDER ON MOTIONS TO ENFORCE COURT ORDER AND TO COMPEL
(DOCS. NO. 57, 61)

October 5, 2018

SOROKIN, J.

Plaintiff National Fish & Seafood ("National Fish") has filed a motion to compel production and further forensic investigation and to extend the deadline for completion of the forensic investigation. Doc. No. 61. Defendant Tampa Bay Fisheries ("Tampa Bay") have filed a motion to enforce the Court's previous order. Doc. No. 57. The Court has reviewed the parties' pleadings and issues this Order to govern the forensic investigation of Tampa Bay's computer systems.

Both Motions are DENIED. The forensic examination shall proceed as previously ordered with the further modifications noted below.

1. No counsel, including in-house counsel, shall attend the forensic examination. The examiner shall prepare a report for the parties documenting not only the results of the examination but also the process undertaken by the examiner.

2. The methods used for the forensic examination shall not include deduplication of responsive emails and files, if any, discovered as part of the results of the examination.

3. Where reasonably possible, the forensic examination shall include reasonable methods to search for, using file names and hash values, and recover National Fish files copied by Scanlon and emails from Scanlon that were present on Tampa Bay systems since June 29, 2018, but have since been deleted.

4. National Fish has proposed a protocol that would allow the examiner to use search terms to located responsive files and emails. See Doc. No. 62 at 11. This request is DENIED. The terms proposed are overly broad and far exceed the grounds for which the Court has ordered the examination. The search protocol shall be limited to file names and hash values.

5. Tampa Bay complied with Paragraph 3 of the Court's prior Order by producing an affidavit from its information technology director, Defendant Mark Marsh, as a representative of Tampa Bay. Doc. No. 58-1. Although Marsh signed the affidavit, the Court views the affidavit as Tampa Bay's statement, made pursuant to Fed. R. Civ. P. 30(b)(6). "A Rule 30(b)(6) designee must be able to testify on behalf of an organization 'about information known or reasonably available to the organization.'" Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 124 (1st Cir. 2012) (quoting Fed. R. Civ. P. 30(b)(6)). In four places, Marsh's affidavit qualifies his statements with the words "to the best of my knowledge." If Tampa Bay's statement requires supplementation to include all information known or reasonably available to the company, Tampa Bay shall provide a further statement to National Fish and to the Court by October 10, 2018.

6. Tampa Bay's response to Paragraph 3, as set forth in Doc. No. 58-1 and supplemented, if necessary, as described above, suffices to define the scope of the forensic investigation. Tampa Bay is not required to provide a list of all of its information technology assets.

7. National Fish has represented that the independent expert's analysis will take approximately a week. Doc. No. 62 at 14. Accordingly, the independent expert shall complete the forensic examination and disclose the results simultaneously to all parties no later than October 12, 2018. The Court does not anticipate further extending that deadline. The deposition of Defendant Marsh shall occur by October 10, 2018. Plaintiff's supplemental filing described in Paragraph 5 of the Court's prior Order now must be filed by October 17, 2018, with Defendants' response due by October 23, 2018. The trial date of November 26, 2018, in case the Court does not dissolve the order prohibiting Scanlon from working at Tampa Bay, is unchanged.

SO ORDERED.

      /s/ Leo T. Sorokin
    Leo T. Sorokin
    United States District Judge